IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEONARDO HERRERA,

        Petitioner,        Civil No. 09-100-AA

        v.                ORDER

J.E. THOMAS,

        Respondent.

AIKEN, District Judge.

    Petitioner, an inmate in the custody of Bureau of Prisons, the filed a petition under 28 U.S.C. § 2241 alleging that he has received inadequate medical treatment for a back injury sustained while incarcerated.

    On February 20, 2009, respondent filed a Motion to Dismiss (#9) on the ground that the allegations in the petition are not cognizable under 28 U.S.C. § 2241.

    Petitioner did not file a response to the motion to dismiss which went under advisement by the court on March 23, 2009.

    Habeas corpus proceedings are the proper mechanism for a

1 - ORDER

prisoner to challenge the 'legality or duration' of confinement." Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475. 484 (1973)). "A civil rights action, in contrast, is the proper method of challenging 'conditions of ... confinement.'" Badea, 931 F.2d at 574 (quoting Preiser, 411 U.S. at 498-99). While it is possible that some claims may have a remedy under either the Civil Rights Act or habeas corpus statutes, see Preiser, the preferred practice in the Ninth Circuit appears to require that all challenges to conditions of confinement be brought in a civil rights complaint. See, Badea, supra; Crawford v. Bell, 599 F.2nd 890, 891-92 & n. 1 (9th Cir. 1979).

Accordingly, petitioner's Petition (#1) is denied without prejudice to petitioner's right to seek relief in a complaint pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

This proceeding is dismissed.

DATED this ___17___ day of April, 2009.

                          /s/ Ann Aiken
                          Ann Aiken
                          United States District Judge